OPINION. Black, Judge: The question we have to decide in this proceeding is whether certain payments which petitioner made to its president, Joseph E. Haenn, in each of the taxable years here involved under the terms of a financing contract entered into in 1937, were deductible as ordinary and necessary business expenses. The amounts of these payments are not in dispute. There is no contention made by either party that the amounts paid under the circumstances detailed in our findings of fact were interest or that they were additional compensation for services rendered by Joseph E. Haenn as president and general manager of petitioner. The salary paid Joseph E. Haenn in each of the taxable years has been alloived as a deduction by the Commissioner and is not in dispute. The Commissioner has disallowed these financing payments as deductions, explaining in his deficiency notice as follows: (a) The deduction claimed for payments made to Joseph E. Haenn, in excess of 6 percent on borrowed money, has been disallowed. It is held that this item is not an ordinary and necessary business expense. The petitioner assigns this action of the Commissioner as error. The applicable statute is section 23 (a), Internal Revenue Code, printed in the margin.[1] There seems to be no doubt that the payments which petitioner made to its president, Joseph E. Haenn, as financing charges in each of the taxable years involved in this proceeding were expenditures which were required to be made under the terms of a written contract which had been entered into in 1937 between petitioner and its president. But if it be assumed that these expenditures can be correctly classed as “necessary expenses” within the provision of the statue printed in the margin, can it be said that such expenses were “ordinary” within the meaning of said statute. For such expenditures to be deductible under section 23 (a) of the Internal Revenue Code they must be both ordinary and necessary. In Deputy v. du Pont, 308 U. S. 488. the Supreme Court discussed the meaning of “ordinary” as that word was used in a statute identical in language with the one which is applicable in the instant case. The Supreme Court, among other things, said: * * * Ordinary has the connotation of normal, usual or customary. To be sure, an expense may be ordinary though it happen but once in the taxpayer’s lifetime. Cf. Kornhauser v. United States, supra. Vet the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved. Welch v. Helvering, supra, * * *. Hence, the fact that a particular expense would be an ordinary or common one in the course of one business and so deductible under § 23 (a) does not necessarily make it such in connection with another business. * * * As stated in Welch v. Helvering, supra, “* * * What is ordinary, though there must always be a strain of constancy within it, is none the less a variable affected by time and place and circumstance.” One of the extremely relevant circumstances is the nature and scope of the particular business out of which the expense in question accrued. The fact that an obligation to pay has arisen is not sufficient. It is the kind of transaction out of which the obligation arose and its normalcy in the particular business which are crucial and controlling. [Italics supplied.] While it is of course true that the expenditures which the taxpayer sought to deduct as ordinary and necessary business expenses in the Deputy v. du Pont case, supra, were entirely different from those which the taxpayer seeks to deduct in the instant case, nevertheless what the Supreme Court said with reference to the meaning of the term “ordinary” as used in the statute is equally applicable here. Doubtless it is entirely “ordinary” for taxpayers engaged in petitioner’s line of business to borrow money and pay interest thereon. The money which petitioner’s president loaned petitioner was borrowed by him from the bank with which he individually did business, by placing with the bank his own personal collateral. He borrowed this money on a secured basis at an annual rate of interest not in excess of 3% percent and loaned it to petitioner on an unsecured basis at the rate of 6 percent per annum. The Commissioner has allowed petitioner a deduction of the full amount of interest which it paid on these loans. That deduction is not involved in this proceeding. But were the financing charges of $15,900.47, $30,883.48, and $37,-024.63 which petitioner paid to its president in 1939, 1940, and 1941, respectively, “ordinary” expenses within the meaning of the statute? We think we must answer that question in the negative, in view of the interpretation which the Supreme Court gave the word “ordinary” in Deputy v. du Pont, supra. It would be difficult for us to believe that a corporation which was doing as profitable a business as petitioner was doing in 1939, 1940, and 1941, the taxable years which are before us, and was in as strong a financial position as it was in those years would ordincurily in an arm’s length transaction agree to pay to a lender of money, in addition to the legal rate of interest provided by law, an additional financing charge of 25 percent of its annual net profits. Such agreement under such circumstances would be extraordinary, we think. Petitioner argues that, in deciding whether these financing charges were ordinary and necessary, we must look to the conditions which prevailed in the year 1937 when petitioner entered into the contract and not in later years when petitioner’s business had grown and it was making large profits. On this point petitioner cites Austin v. United States, 28 Fed. (2d) 677. But in weighing this argument it should be borne in mind that the contract in the instant case contained a provision that: 3. The parties hereto further agree that this agreement shall be terminable at the option of either of the parties hereto at the expiration of one year from the date hereof, but unless so terminated shall remain and continue in full force and effect for another year, and so on from year to year until so terminated by notice in writing of the intent of either of the parties hereto to discontinue and terminate this agreement. Clearly, under the foregoing provisions of the financing contract petitioner might have brought it to an end in any of the taxable years by giving the required written notice to the lender beforehand. In this important respect the facts are distinguishable from those which were present in Austin v. United States, supra. Among the cases relied on by petitioner in support of its contention that these financing charges are deductible as ordinary and necessary business expenses are La Monte & Son v. Commissioner, 32 Fed. (2d) 220, and Monroe Sand & Gravel Co., 36 B. T. A. 747. We think these cases are distinguishable on their facts. In La Monte & Son the agreement in question provided that a percentage of net profits should be paid stockholders as partial consideration for a consolidation agreement which brought into the business assets in excess of those owned and contributed by other stockholders. The agreement provided for a permanent charge on the profits of the business ahead of dividends to the other stockholders and the court held, reversing the Board at 13 B. T. A. 365, that the payments made to the two La Monte stockholders under the terms of the agreement were deductible as ordinary and necessary business expenses. In Monroe Sand & Gravel Co. the non-deductibility of the financing charges paid to two of the stockholders of the taxpayer was raised by affirmative allegations in the Commissioner’s answer. We held that, having raised the question of the deductibility of these items by affirmative allegations in his answer, the burden of proof to sustain these affirmative allegations was on the Commissioner, and that he had not sustained it. We therefore held for the taxpayer on that particular issue. The nondeductibility of the items involved in the instant case was not raised by the Commissioner by affirmative allegations contained in his answer, but, on the contrary, they were disallowed in his determination of the deficiency. The burden of proof is therefore on the petitioner to show that the Commissioner committed error in his disallowance of the items in question. For reasons we have already stated, we hold that petitioner has not sustained this burden of proof. Reviewed by Court. Decision will be entered for the respondent. Murdock. Aeundell, Hiul, and Kern, JJ., concur only in the result. Smith, J., dissents. SEC. 23. DEDUCTIONS BT.OM GROSS INCOME. In computing net income there shall be allowed as deductions? (a) Expenses.— (1) Tn cjenisral. — All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *